IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


ROBERT SIMPSON,                              3:10-CV-06399-BR

          Plaintiff,                         OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

          Defendant.

BRENDA S. MOSELEY
320 Central Ave., Suite 422
Coos Bay, OR 97420
(503) 266-0436

        Attorneys for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1  - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**GERALD J. HILL**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2139

     Attorneys for Defendant

**BROWN, Judge.**

     Plaintiff Robert Simpson seeks judicial review of the Commissioner of Social Security's final decision denying Plaintiff's April 10, 2008, application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

     Plaintiff applied for SSI on April 10, 2008, alleging he has been disabled since March 18, 2008,[1] because of herniated discs

---

     [1] In his initial application for SSI benefits, Plaintiff asserted a disability onset date of June 8, 2001.  At the administrative hearing, that date was amended to March 18, 2008.

2  - OPINION AND ORDER

in his lower back, chronic obstructive pulmonary disease (COPD), dropped foot, and hepatitis C.  Tr. 129-31, 139-40.[2]  His application was denied initially and on reconsideration. Tr. 100-04, 108-10.

An Administrative Law Judge (ALJ) held an evidentiary hearing on February 2, 2010.  Tr. 31-86.  Plaintiff, lay-witness Neal Phillips Brunsman, and a vocational expert (VE) testified.

The ALJ issued a decision on April 16, 2010, and found Plaintiff is not disabled and, therefore, is not entitled to SSI benefits.  Tr. 14-26.  That decision became the final decision of the Commissioner on September 23, 2010, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-3.

On November 29, 2010, Plaintiff filed his Complaint seeking review by this Court of the Commissioner's final decision denying his claim for SSI.

## BACKGROUND

On February 2, 2010, the date of the administrative hearing, Plaintiff was 45 years old.  Tr. 39.  Plaintiff's alleged disabling impairments are obesity, asthma, degenerative disc disease, diabetes with peripheral neuropathy, degenerative problems in his right hip and knee, and anxiety with panic

---

[2] Citations to the official transcript of record filed by the Commissioner on August 3, 2011, are referred to as "Tr."

3  - OPINION AND ORDER

attacks.  Tr. 37-38.

Plaintiff is 5'10" tall and has weighed 370 lbs for the past two years.  He no longer drives because he has a "dropped" right foot that prevents him from controlling the ignition.  Tr. 40-41.

Plaintiff has the functional equivalent of a GED in California.  He served in the United States Navy for two-and-one-half years as an electrician's mate on the U.S.S. Kitty Hawk before being discharged under other than honorable conditions following an unauthorized absence.  Tr. 43-44.

Plaintiff last worked as a factory electrician in 2001. Tr. 45.  He has tried unsuccessfully to return to work since then.  *Id.*  The main obstacles preventing him from working are breathing problems caused by COPD, severe obesity, and diabetes, which causes swelling, sores, and tingling in his feet and prevents him from standing for more than one hour during the day. Tr. 47-48, 51.

Plaintiff has tried unsuccessfully to lose weight by diet and exercise, and he attends Overeaters Anonymous meetings.  Tr. 60-61.  Nevertheless, he gained 65 pounds from 2005 to 2007.  Tr. 61.  He has explored the possibility of bariatric lap band or gastric bypass surgery, but he has been unable to obtain approval from his health plan to cover the cost.  Tr. 61-62.

Plaintiff has been prescribed Metformin to treat his diabetes, but it has side effects that cause anxiety attacks and

breathing difficulties.  In addition, his vision is impaired by diabetes.  Tr. 49-54.

Plaintiff's anxiety attacks sometimes incapacitate him for the entire day.  Tr. 50.  He has recently been prescribed Ativan, which helps, but his doctors have told him that he should not take that medication over a long period.  *Id.*

Plaintiff has degenerative disc disease in his back caused by an automobile accident in 2001.  Although he takes pain medication for this condition, he has reduced the amount he has used in the years since the accident.  Tr. 53.

Plaintiff has Hepatitis C caused by a blood transfusion he received while serving in the Navy.  Tr. 54-55.

Plaintiff has back and leg pain, which he rates on a 1-10 scale at 7 for his back and 8-9 for his legs.  Tr. 56.  He has occasionally fallen down because of right leg numbness, and he now uses a cane.  Tr. 59.  He used to be able to walk one or two blocks, but he finds it harder to do so now.  Tr. 60.  His back pain and swelling in his feet limit his ability to stand.  Tr. 60.  When his feet swell, he elevates them for "a couple of days" and rubs them with lotion.  Tr. 60.

Plaintiff was diagnosed with COPD five years ago.  Tr. 57. His breathing difficulties have worsened over the years and are exacerbated by sprays, pollen, mold, cat dander, and airborne chemicals.  Tr. 59-60.

5  - OPINION AND ORDER

Plaintiff fell a few days before the hearing and injured his right knee. Before that he experienced pain in his hips and right leg generally.  Tr. 63.

Plaintiff has difficulty sleeping because of anxiety and occasional hyperventilation.  Tr. 63.  He panics when he has difficulty breathing.  Tr. 64.  He recently saw a mental-health practitioner and expects to see him twice a month.  Tr. 65.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial

6  - OPINION AND ORDER

evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility and resolving conflicts and ambiguities in the medical evidence. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

7  - OPINION AND ORDER

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See* 20 C.F.R. § 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a

week, or an equivalent schedule." SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284
n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at
the heart of Steps Four and Five of the sequential analysis
engaged in by the ALJ when determining whether a claimant can
still work despite severe medical impairments.  An improper
evaluation of the claimant's ability to perform specific work-
related functions "could make the difference between a finding of
'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

     In Step Four, the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also*
20 C.F.R. § 416.920(a)(4)(iv).

     If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists
in the national economy.  *Stout*, 454 F.3d at 1052.  *See also*
20 C.F.R. § 416.920(a)(4)(v).  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in
the national economy that the claimant can perform.  *Tackett v.
Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner
may satisfy this burden through the testimony of a VE or by
reference to the Medical-Vocational Guidelines set forth in the

9  - OPINION AND ORDER

regulations at 20 C.F.R. part 404, subpart P, appendix 2.   If
the Commissioner meets this burden, the claimant is not disabled.
20 C.F.R. § 416.920(g)(1).

### THE ALJ'S FINDINGS

In Step One, the ALJ found Plaintiff has not engaged in
substantial gainful activity since March 18, 2008.  Tr. 16.

In Step Two, the ALJ found Plaintiff has the following
severe impairments:  anxiety, morbid obesity, asthma/reactive
airway disease, degenerative disc disease of the lumbar spine,
and history of polysubstance abuse.  Tr. 16.

In Step Three, the ALJ found Plaintiff does not have an
impairment or combination of impairments that meets or medically
equals a Listed Impairment in 20 C.F.R. Part 404, Subpart P,
Appendix 1.  Tr. 30-31.  Based on all of Plaintiff's impairments,
the ALJ found Plaintiff has the RFC to perform sedentary work.
Plaintiff should not be required to climb ropes, ladders, or
scaffolds.  He should only occasionally balance, stoop, kneel,
crouch, crawl, and climb ramps and stairs.  He must have the
opportunity to sit or to stand at will and should only
occasionally be required to reach overhead with his right arm.
He should not be exposed to fumes, odors, dusts, gases, poorly
ventilated areas, hazardous machinery, or unprotected heights.

10 - OPINION AND ORDER

Finally, he can perform simple, routine, and repetitive tasks. Tr. 19.

In Step Four, the ALJ found these limitations preclude Plaintiff from performing any past relevant work.  Tr. 24-25. The ALJ, however, also found Plaintiff's limitations would not preclude him from performing the jobs of Surveillance System Monitor and Order Clerk, both of which exist in significant numbers in the national economy.  Tr. 25.

Accordingly, in Step Five, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to SSI.


## DISCUSSION

Plaintiff contends the ALJ erred by finding (1) Plaintiff is not disabled based on the medical opinions of consulting physicians who neither treated nor examined him rather than the medical opinions of the physicians who did and (2) there are jobs in the national economy that Plaintiff is able to perform.

**1.    Evaluation of Medical Opinion Evidence.**

The ALJ adopted and relied on the opinions of consulting medical practitioners who merely reviewed Plaintiff's medical records rather than the medical practitioners who examined or treated him.  Moreover, the ALJ rejected the contrary medical opinions of psychiatrist Charles P. Reagan, M.D., who examined Plaintiff in August 2008, and internal medicine specialist

11 - OPINION AND ORDER

Raymond P. Nolan, M.D., who examined Plaintiff in September 2008 at the request of Disability Determination Services (DDS).  In addition, on review of the ALJ's decision, the Appeals Council rejected the medical opinion of internal medicine specialist, Peter Lund, M.D., who had treated Plaintiff from April to October 2009.

An examining or treating physician's opinion may be rejected by the ALJ when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his

reasons for doing so. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999)("Opinions of a nonexamining [] medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it.").

### A. __Psychiatrist Charles P. Reagan, M.D.__

Dr. Reagan examined Plaintiff on behalf of DDS in September 2008 in connection with Plaintiff's disability claim.  The examination focused on Plaintiff's "[a]nxiety, panic attacks, PTSD, [and] depression."  Tr. 208-09.  Plaintiff described symptoms of "mild to moderate PTSD," "panic disorder with agoraphobia that is responding to Xanax," "generalized anxiety disorder," and "dysthymia as well as major depressive symptoms, *i.e.* episodes."  Tr. 211.  Dr. Reagan, however, did not observe any pain behavior.  Dr. Reagan found Plaintiff did not have any difficulty "understanding and remembering simple instructions," but he "had some difficulty sustaining concentration, attention, and persisting" after "much effort."  *Id.*

Dr. Reagan opined Plaintiff's panic symptoms will cause "difficulty when he is under stress."  *Id.*  He assigned Plaintiff a Global Assessment of Functioning (GAF) score of 45 ("serious impairment in social, occupational, or school functioning, *e.g.*, no friends, unable to keep a job").

Dr. Reagan diagnosed Plaintiff with mild to moderate Post

Traumatic Stress Disorder, moderate Panic Disorder with Agoraphobia, Generalized Anxiety Disorder, Dysthymia, and recurrent Major Depression.

The ALJ rejected Dr. Reagan's opinion that Plaintiff had a serious impairment in occupational functioning reflected by the GAF score of 45 because it conflicted with Dr. Reagan's other finding that Plaintiff "was able to engage in appropriate social interactions." Tr. 23. The ALJ also concluded Dr. Reagan's opinion reflects Plaintiff's most significant limitations are in the performance of more complex tasks rather than "simple, routine, and repetitive tasks" that are consistent with Plaintiff's RFC. Tr. 23.

Dr. Reagan found Plaintiff was "cooperative with good eye contact and good rapport." Tr. 210. As noted, during the examination Plaintiff described "panic disorder," "generalized anxiety disorder," and "dysthymia as well as major depressive symptoms, *i.e.*, episodes." Plaintiff "put out much effort . . . and appeared to have some difficulty sustaining concentration, attention, and persisting" although he "appeared to engage in appropriate social interaction with [Dr. Reagan]." Tr. 211. Dr. Reagan, however, also opined that, in light of his panic symptoms, Plaintiff "will have difficulty when he is under stress." Tr. 211. The Court rejects the ALJ's conclusion that Plaintiff's appropriate interaction with Dr. Reagan undermined

14 - OPINION AND ORDER

Dr. Reagan's opinion that Plaintiff had a "serious impairment in social, occupational, or school functioning." Thus, the Court concludes the ALJ's articulated reason for rejecting Dr. Reagan's opinion was not based on substantial evidence in the record.

The Court notes Dr. Reagan, however, did not specifically opine whether Plaintiff was capable of engaging in substantial gainful activity in light of the above psychological impairments.

**B.  Raymond. P. Nolan, M.D..**

In September 2008 Dr. Nolan examined Plaintiff on behalf of DDS. He diagnosed, *inter alia,* chronic low-back pain syndrome, right hip pain, massive obesity, peripheral neuropathy, thigh numbness, plantar fasciitis, right-knee pain, and shoulder-impingement syndrome. Tr. 216. Dr. Nolan recommended Plaintiff use a cane while working and should not lift or carry more than 10 lbs. in a container that he is able to carry with one hand. Dr. Nolan found Plaintiff is able to stand and/or to walk for "less than two hours" and to sit for between four and six hours in an eight-hour workday as long as he has the opportunity to change positions frequently. Because Plaintiff has difficulty using his right arm overhead or pushing and pulling with that arm or using his legs, Dr. Nolan found Plaintiff should avoid "squatting, kneeling, and walking up and down stairs."

The ALJ purported to accept Dr. Nolan's opinion and to give it significant weight. Tr. 24. The ALJ, however, interpreted

Dr. Nolan's opinion to mean that Plaintiff is able to perform sedentary work during which he is able to stand and to walk for "at least two hours" in an eight-hour work day. *Id*.

Plaintiff contends the ALJ's interpretation is wrong because the phrase "at least two hours" does not mean the same thing as "less than two hours." According to the Commissioner, however, Dr. Nolan's opinion is consistent with the ALJ's finding based on Social Security Ruling 83-10, which provides that sedentary work requires the ability to stand and/or to walk for "about 2 hours in an 8-hour work day." *See* SSR 83-10, 1983 WL 31251, at *5 ("[P]eriods of standing and walking [for sedentary jobs] should generally total no more than 2 hours in an 8-hour workday, and sitting should generally total approximately 6 hours in an 8-hour work-day.").

The Court disagrees with the Commissioner. The phrase "less than two hours" is not synonymous with the phrases "at least two hours" or "about two hours." Thus, Dr. Nolan's opinion, without further elaboration, is insufficient to support the ALJ's finding that Plaintiff is able to perform sedentary work.

### C.   **Peter Lund, M.D.**

Dr. Lund initially treated Plaintiff for leg pain from April to October 2009 after Plaintiff fell. Thereafter, he treated Plaintiff generally for all of his ailments.

16 - OPINION AND ORDER

After Plaintiff appealed the ALJ's denial of his disability claim, Plaintiff submitted to the Appeals Council for its consideration a pre-printed check-off form in which Dr. Lund opined Plaintiff would be able to work only in low-stress jobs in which he would rarely be required to lift 10 lbs and only occasionally be required to lift less than 10 lbs.  Dr. Lund also opined Plaintiff should only occasionally be required to climb stairs and rarely be required to twist and to stoop.  Moreover, Dr. Lund concluded Plaintiff would need 20-minute breaks four or five times a day and would miss work more than four days each month depending on the job.

The Appeals Council, however, refused to consider the additional evidence and, as set forth above, denied Plaintiff's request for review of the ALJ's decision.

The Commissioner asserts, and Plaintiff does not contend otherwise, that the Appeals Council was not required to consider Dr. Lund's medical opinion.  *See Taylor v. Comm'r,* 659 F.3d 1228, 1232 (9th Cir. 2011).  Nevertheless, Plaintiff maintains this Court should consider Dr. Lund's opinion when determining whether this matter should be remanded for the payment of benefits or for further proceedings.  The Court agrees.

17 - OPINION AND ORDER

**REMAND**

The decision whether to remand for further proceedings or for the immediate payment of benefits generally turns on the likely utility of further proceedings. *Id*. at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id*. The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id*. at 1178 n.2.

On this record the Court concludes the Commissioner's Final Decision to deny Plaintiff's claim for SSI is not supported

18 - OPINION AND ORDER

by substantial evidence in the record as a whole.  In considering whether the matter should be remanded for further proceedings or the calculation of benefits, the Court concludes a remand for further proceedings is appropriate.  On remand the Commissioner shall (1) credit as true Dr. Reagan's opinion that Plaintiff has a serious impairment in social and occupational functioning based on his GAF score of 45 and obtain an opinion from Dr. Reagan or a substantially equivalent source as to whether Plaintiff is capable of engaging in substantial gainful activity; (2) clarify from Dr. Nolan whether Plaintiff is capable of performing sedentary work in light of his opinion that, in addition to his other physical limitations, Plaintiff is capable of standing and walking for less than two hours; and (3) consider Dr. Lund's opinion that Plaintiff would need 20 minute breaks 4-5 times a day and would miss work more than 4 days each month depending on the job.  If necessary, the Commissioner shall then obtain further evidence from a vocational expert as to whether Plaintiff's limitations preclude him from engaging in substantial gainful activity.

<u>**CONCLUSION**</u>

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of

19 - OPINION AND ORDER

42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 17th day of April, 2012.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

20 - OPINION AND ORDER